In the Matter of Richard
Dennis GONZALEZ.

No. 98S00–9508–DI–983.

Supreme Court of Indiana.

Dec. 15, 1995.

### ORDER ACCEPTING CONDITIONAL AGREEMENT AND IMPOSING SANCTION

SHEPARD, Chief Justice.

This case is before us on a conditional agreement tendered by the parties pursuant to Admission and Discipline Rule 23, Section 11(g). The respondent, Richard Dennis Gonzalez, was admitted to the Bar of this state on May 30, 1980. He is not in good standing, having been suspended on August 1, 1985, and April 21, 1993, for failure to pay his annual attorney registration fees and to comply with Continuing Legal Education requirements, respectively. The respondent was also admitted to the Illinois Bar where he has been suspended by the supreme court of that state.

The parties agree and we find that, while working in Colorado for a law firm, the respondent converted $3,770 in fees owed to the law firm and neglected an immigration appeal on behalf of a client. By way of mitigation, the parties agree that, on his own volition, the respondent refunded the converted fees to the firm. Also, the respondent has attempted to locate the client in order to refund an unearned fee, but has been unsuccessful. If the client cannot be located by a specified date, the respondent will refund the unearned fee to a fund established by the Illinois Attorney Registration and Disciplinary Commission. The foregoing misconduct served as the basis of respondent's suspension by the Supreme Court of Illinois. Admis.Disc.R. 23, Section 2(b), under which the respondent is charged in this proceeding, provides that a suspension in another state shall constitute sufficient grounds for suspension in this state. We, therefore, conclude that the respondent engaged in the charged misconduct.

The parties further agree that the appropriate sanction in this state is one that tracks the Illinois sanction, that being a two-year suspension with all but three months suspended upon certain conditions and probation, with automatic reinstatement upon compliance with the conditions and expiration of the period of probation. Upon review of all matters, this Court finds that the agreement of the parties should be accepted. However, the agreed sanction must conform to applicable Indiana law, Admis.Disc.R. 23, Section 3(a), which provides for automatic reinstatement in cases of suspension for less than six months. Accordingly, this Court now finds that the purpose of the agreement is met by a suspension for a period of ninety (90) days, followed by a twenty-one (21) month period of probation during which the respondent shall be subject to specified conditions.

IT IS, THEREFORE, ORDERED that the *Statement of Circumstances and Conditional Agreement for Discipline* tendered in this case is approved. It is further ORDERED that Richard Dennis Gonzalez is hereby suspended from the practice of law in Indiana for a period of ninety (90) days, effective immediately. At the conclusion of the ninety (90) day period of suspension, the respondent shall be placed on and remain

subject to probation for a period of twenty-one (21) months. After conclusion of the twenty-one (21) month period, the probation shall terminate and the respondent may be reinstated to the practice of law without further order of this Court if the respondent:

1. Satisfies all conditions of probation set forth in the final order of the Illinois Supreme Court in *In re Richard Dennis Gonzalez,* No. 94 CH 525, from the date of this order until September 23, 1996;

2. From September 23, 1996 until a date two (2) years from the date of this Order, the respondent:

 (a) continues to abstain from alcohol;

 (b) attends at least one (1) meeting of Alcoholics Anonymous per week and maintain a sponsor in the program with whom the respondent shall keep in contact on a weekly basis; the sponsor shall communicate with the Executive Secretary on a quarterly basis and be required to report any lapses in sobriety to the Administrator with seventy-two (72) hours of knowledge of that usage;

 (c) continues with any course of treatment and any treatment directives recommended by the Sobriety House, Arapaho House and/or Gaylord House, of which there are currently none;

 (d) complies with all treatment recommendations including the taking of medications, of which there are currently none;

 (e) complies with the *Indiana Rules of Professional Conduct;*

 (f) notifies the Executive Secretary within fourteen (14) days of any change of address or change in treating professional;

 (g) submits written reports, information, and documentation as requested by the Executive Secretary; and

 (h) reimburses the Commission for any further costs incurred in the course of probation.

Should the respondent fail to comply with the foregoing terms of probation, the probation will be revoked and the respondent will return to suspended status until such time as the respondent demonstrates that he has complied with the terms of probation provided herein. Nothing in this Order in any way relieves the respondent from having to comply with readmission requirements to which he is now subject due to his prior suspensions from the practice of law in this state.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities pursuant to Admis.Disc.R. 23(3)(d).

Costs of this proceeding are assessed against the respondent.

DONE.

All Justices concur.